GUTHRIE & AL.

*v.*

GUTHRIE'S EX'R & AL.

*(Supreme Court of Appeals of Virginia, June 13, 1889.)*

[10 S. E. Rep. 327.]

**Wills—Bequests to Corporations—Case at Bar.**

A residuary bequest to "the Trustees of the General Assembly of the Presbyterian Church in the United States, commonly known as the 'Southern Presbyterian Church,' the same being a body corporate, as I am advised," the beneficiary being a corporation created by the laws of North Carolina for the purpose of carrying on the work of Christian education and missions, publishing and diffusing religious literature, and building and supporting Presbyterian churches, is not rendered invalid by Const. Va., art. 5, ₰ 17, which forbids the incorporation of any church, as the beneficiary is not an incorporated church. Following Trustees *v.* Guthrie, *ante*, 318.

*Harrison & Tucker*, for appellants.

*W. W. Henry* and *A. F. Robertson*, for appellees.

RICHARDSON, J., delivered the opinion of the court.

This was a bill in equity brought in the circuit court of Augusta county in April, 1886, by Robert M. Moffett, executor of William Guthrie, deceased, against John G. Guthrie and others, the heirs at law of said William Guthrie, and the Trustees of the General Assembly of the Presbyterian Church in the United States, a corporation chartered by the legislature of North Carolina. The object of the suit was to have a construction of the will of William Guthrie,

deceased, and a settlement of his estate, and especially to have a judicial construction of the fourth clause of the testator's will, by which he made bequest to the corporation aforesaid.

The bill, after setting forth that William Guthrie departed this life on the ———— day of ————, 1886, after having made and published his last will, which was duly admitted to probate on the 27th day of September, 1886 (a copy of which is exhibited with the bill), proceeds to state that the testator died possessed of considerable estate, real and personal, which he disposed of as follows: "By the second clause of his will he directs the payment of his debts and funeral expenses. By the third clause he gives to his daughter Margaret Ann Guthrie a life-estate in his household and kitchen furniture, two cows, two horses, one thousand dollars, and nine shares of Augusta National Bank stock;" that this legatee departed this life before the testator; and that "by the fourth clause he bequeaths all the residue of his estate, including what he had given for life to his daughter, to the Trustees of the General Assembly of the Presbyterian Church in the United States, commonly known as the 'Southern Presbyterian Church;' the same, as he is advised, being a body corporate;" that by the fourth clause he also appointed the plaintiff and two others, named, as his executors, and that testator, by a codicil, bequeathed to J. N. Craig five hundred dollars; that the other persons named as executors declined to qualify, and that the plaintiff alone did qualify as executor, and took upon himself the sole burden of executing the will; that he took charge of the estate, had the same appraised and sold, and filed with his bill the appraisement and sale bill. The bill then states that "the Trustees of the General Assembly of the Presbyterian Church in the United States is said to be a corporation chartered by the laws of North Carolina, with certain restrictions on its right to take, but on this point and others your orator is not fully advised,

and he comes, as his right, to ask the aid of the court in the administration of the trust imposed on him by the will of the testator." And the bill further states that "if any of the bequests or devises contained in the will of the testator, Wm. Guthrie, are invalid, or, for any reason not now disclosed, the will should be set aside, those entitled to take his estate would be his brothers and sisters, and their descendants," naming them, and all of whom were made parties defendant. And with his bill the plaintiff filed, as exhibits, a copy of the will of the testator, and a copy of the act of the legislature of North Carolina incorporating said trustees.

Some of the defendants were non-residents, as to whom order of publication was duly executed; and for the infant children of Henry Guthrie, deceased, whose names were unknown, J. N. Ryan, their guardian *ad litem*, answered. As to the other and resident defendant heirs, none of whom answered, the bill was taken for confessed, process having been duly served on them. The Trustees of the General Assembly of the Presbyterian Church, etc., by their president, James Hemphill, answered the bill, claiming the bequests as valid, and due to the corporation. In their bill they say "that, upon the breaking out of the late war between the states, the religious denomination known as the 'Presbyterian Church in the United States' was divided, the southern Presbyterian synods meeting to form a Southern General Assembly, confined to the Confederate States. After the Confederacy was overwhelmed, to wit, by an act of the legislature of North Carolina ratified 10th February, 1886, Thomas C. Perrin, and fourteen others therein named, and their successors, were incorporated under the name and style of the 'Trustees of the General Assembly of the Presbyterian Church in the United States,' with power to take and hold all such estate, property, and effects as may be acquired by gift, purchase, devise, or bequest, to aid and

enable the said General Assembly of the Presbyterian Church to undertake and carry on the work of Christian education, of foreign and domestic missions, of publication of such books, tracts, and papers as are connected with the diffusion of religious literature and learning, and of the building up and supporting churches of their faith and worship in the United States aforesaid : 'provided, that the property, real and personal, held or possessed by said corporation, shall not exceed two millions of dollars.' " And they further say : "A copy of said act is herewith filed, together with a copy of an amendment thereto, ratified February, 1872, enlarging the objects of benevolence embraced within the provisions of said act; and both of said acts have been published by authority, and may be found in the published acts of the legislature of North Carolina, and under them their organization exists." "That the church for which they are trustees by said act is commonly known as the 'Southern Presbyterian Church,' being composed of southern Presbyterian synods, and by this common name is further identified by the said testator in his will." "They further say that by their said act of incorporation they are made capable of receiving and holding the estate devised and bequeathed to them by the will of Wm. Guthrie, as has been held in such cases by the courts of Virginia ; and they further say that they have not reached the limit of two millions of dollars, imposed upon their property by the said act, nor will the estate given them by the said will of Wm. Guthrie, deceased, enlarge their property so as to make it approximate even the said limit."

The cause, having been regularly matured, came on and was heard on the 1st day of June, 1887, when the circuit court entered its decree, the substance of which is as follows : "On consideration whereof, and the court being of opinion that all of the legacies and bequests

contained in the will of William Guthrie, deceased, are valid, except the legacy given to his daughter Margaret Ann Guthrie, who died in the lifetime of said testator, doth decide and doth order that the plaintiff Robert W. Moffett, executor of William Guthrie, deceased, do proceed to execute the said will by paying, first, the debts of his testator, and the expenses of administration, and then the said legacies as directed by the said will; and; in paying the legacy given by the said will to the 'Trustees of the General Assembly of the Presbyterian Church of the United States,' the said executor is hereby authorized to pay the same to W. W. Henry or Alex. F. Robertson, the attorneys of said corporation in this cause. And the court doth further adjudge, order, and decree that the said Robert W. Moffett, executor of William Guthrie, deceased, do render before one of the commissioners of this court an account of the administration of the estate of his testator, and also a statement of all the assets belonging to the estate of the said William Guthrie, deceased, which said amount the said commissioner shall examine, state, and settle, and report the same," etc. And from this decree the heirs at law of said testator obtained an appeal to this court.

This case stands substantially upon the same footing as the case just decided, of Trustees of the General Assembly of the Presbyterian Church, etc., et al. v. Guthrie et al., *ante,* 318. The only difference—an immaterial one—is that in that case the language of the bequest was "to the secretary of the Board of Foreign Missions of the Presbyterian Church in the United States, and known as 'Southern Presbyterian Church,' " which, in the light of the extrinsic evidence explaining the surrounding circumstances and the testator's meaning, was held to mean the "secretary of the Executive Committee of Foreign Missions," etc., a branch of the corporation chartered by the legislature of North Carolina under the name and style of the "Trustees of the General

1 Va Dec—46

Assembly of the Presbyterian Church in the United States,''
which was held to be a valid bequest to said corporation for
the use of said executive committee, of which Rev. M. H.
Houston is the secretary; whereas, in this case, the gift,
though by a different testator, is directly to the same corpo-.
ration, by its corporate name and style aforesaid.

The third and fourth clauses of the testator's will are as
follows: ''(3) I give and bequeath to my daughter Margaret
Ann Guthrie all of my household and kitchen property she
may wish to have, and the choice of two of my horses and
two of my cows. I also give to my said daughter, during
her natural life only, one thousand dollars, and nine shares
of stock I own and hold of the Augusta National Bank of
Staunton. The interest, dividends, etc., from the same is
for her own use and disposal. The principal, viz., the one
thousand dollars and the nine shares of stock, as mentioned
above, is to revert to my estate, at the death of my said
daughter, and to be disposed of as hereinafter provided.
(4) All the residue of my estate I give and bequeath to the
Trustees of the General Assembly of the Presbyterian
Church in the United States, commonly known as the
'Southern Presbyterian Church,' the same being a body
corporate, as I am advised. The one thousand dollars and
and the nine shares of Augusta National Bank stock given to
my said daughter during her natural life only, as stated in
the third section of this writing, I also, at her death, give
and bequeath to the said Trustees of the said General Assem-
bly of the Presbyterian Church in the United States, as
stated in the preceding section, commonly known as the
'Southern Presbyterian Church.' ''

The bequest is clear and specific, both as to what is given
and as to the corporation to take. There is no question
but such a corporation can take such a bequest for the
purposes of its creation and existence. See Vidal v. Girard,
2 How. 196; Society v. Churchman, 80 Va. 718, and

authorities cited.    It is true that the validity of the bequest
is contested upon the ground that it is forbidden by section
17, art 5, of the constitution of Virginia, forbidding the
incorporation of any church ; it being contended that in
granting the charter to the appellee corporation the legis-
lature of North Carolina, in effect, incorporated the Pres-
byterian Church, and that said corporation is opposed
to the policy of the law of Virginia, and cannot take the
bequest in question.    The proposition is wholly untenable.
But it need not be discussed, as it was fully considered in
the preceding case of Trustees v. Guthrie, and rejected.
The case here is in all respects governed by the Churchman
Case, *supra*, and the case just decided, of Trustees v. Guth-
rie, *ante*, 318.    The decree of the circuit court is eminently
proper and must be affirmed.    Decree affirmed.